The People
v.
HerkimerC. P.

THE PEOPLE, on the relation of W. Van Zandt, *vs.* HERKIMER COMMON PLEAS.

An appellant from a justice's judgment, is not entitled to costs, unless the *verdict* for the apellee in the common pleas is $10, or more *less* than the *verdict* or *judgment* before the justice, exclusive of the costs in the justice's court.

CosTs on appeal. *Van Zandt*, the relator, recovered a judgment in a justice,s court against one *Forsyth*, for $46,25 damages, and $3,95 costs. Forsyth appealed to the Herkimer common pleas, and on the trial in that court, a verdict was rendered against him for $40 damages. , The common pleas awarded full costs to the *appellant*, on the ground that the amount recovered before the justice had been *reduced ten dollars*, and more. The *appellee* now moved for a mandamus, directing the common pleas to vacate the rule granting costs to the apellant, and to award costs to the appellee.

March 8.

*H. Nolton*, for relator.

*J. B. Hunt*, contra.

*By the Court*, NELSON, J. The provision of the statute is, that if a defendant against whom a judgment is rendered before the justice, appeal, and the *amount recovered before the justice* be *reduced* ten dollars, or more, full costs shall be awarded to the appellant. 2 R. S. 263, § 218, *sub.* 1.

There is no doubt the language of the statute might warrant the construction given by the court below, but the obvious intent of the legislature, and a view of the whole section, necessarily lead to a different conclusion. The words "amount recovered before the justice," mean the debt, or damages, exclusive of costs. The costs before the justice on the appeal could not be increased or diminished, and so far as they are considered a part of the recovery, could not by possibility be *reduced* by the trial on the appeal. It is contended by the appellant, that the amount recovered before the justice is *reduced*

$10, by the trial on the appeal, and that therefore he is entitled to full costs.

Suppose the costs in the justice's court had exceeded $10, as might happen, 2 R. S. 247, § 126, then, adopting the above construction of the statute, a verdict of the same amount in the common pleas with that rendered before the justice, would give to the appellant full costs; because the recovery would be $10 less than the "amount recovered before the justice," if costs are to be included. So if the costs amounted to $10 adopting the construction given by the common pleas, the costs on the appeal would depend not more on the amount to be there recovered, than upon the amount of the costs before the justice. The legislature never intended such a *test* as to costs on appeal; nor does this section necessarily require the court to adopt it.

Again; the 2d and 3rd subdivisions of the same section, subject a plaintiff or defendant who recovers a judgment before the justice and appeals, to full costs, unless he recovers at least $5 more on the appeal than the amount recovered before the justice. If "the amount recovered" is to be construed to include the costs before the justice, then it is obvious, that in proportion to the amount of costs before the justice, must be the recovery on the appeal over and above the $5, to entitle the appellant to costs, and consequently the costs above will depend upon the costs before the justice; that is, if a plaintiff or defendant recovered before the justice $10 debt, or damages, and $10 costs, and appealed, he must recover $25, or pay full costs, upon the construction adopted by the common pleas. The common pleas erred, and a peremptory mandamus must issue directing that court to vacate their rule and to allow costs to the appellee.